Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
01/21/2025
CT Log Number 548216809

## Service of Process Transmittal Summary

**TO:** Maria Osusa
Otis Elevator Company
ONE CARRIER PLACE
FARMINGTON, CT 06032-2572

**RE:** **Process Served in South Carolina**

**FOR:** Otis Elevator Company (Domestic State: NJ)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Krystal Brown vs. Otis Elevator Company |
| **CASE #:** | None Specified |
| **PROCESS SERVED ON:** | CT Corporation System, Columbia, SC |
| **DATE/METHOD OF SERVICE:** | By Traceable Mail on 01/21/2025 |
| **JURISDICTION SERVED:** | South Carolina |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/21/2025, Expected Purge Date: 01/26/2025<br><br>Image SOP<br><br>Email Notification, Brenda Morton brenda.morton@otis.com<br><br>Email Notification, Maria Osusa maria.osusa@otis.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>2 Office Park Court<br>Suite 103<br>Columbia, SC 29223<br>877-564-7529<br>MajorAccountTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

CERTIFIED MAIL

Cavanaugh&Thickens
ATTORNEYS AT LAW

1717 MARION STREET
COLUMBIA, SC 29201

9589 0710 5270 0105 3291 19

COLUMBIA SC 290
2025 PM

FIRST-CLASS

US POSTAGE IMI PITNEY BOWES

ZIP 29201
02 7H
0006079187

$ 009.92⁰
JAN 18 2025

Otis Elevator Company
c/o C T Corporation System
2 Office Park Court, Suite 103
Columbia, South Carolina 29223

29223-594828

Cavanaugh&Thickens
ATTORNEYS AT LAW

J. ERIC CAVANAUGH
JOSEPH O. THICKENS
PATRICK D. HICKMAN
STEPHEN F. KRZYSTON
NICHOLAS J. SKORZEWSKI
WILLIAM H. YARBOROUGH, JR.
C. SHEA BRIGHTHOP

January 18, 2025

**Via Certified Mail, Restricted Delivery, Return Receipt Requested**
Otis Elevator Company
c/o C T Corporation System
2 Office Park Court, Suite 103
Columbia, South Carolina 29223

RE: Krystal Brown v. Otis Elevator Company
Civil Action No.: 2025-CP-07-00108
Our File No.: 25018

To Whom It May Concern:

Enclosed please find for service upon you as registered agent for Otis Elevator Company a Summons and Complaint in the above-referenced action.

Should you have any questions regarding these documents, please do not hesitate to contact our office.

Best regards,

**CAVANAUGH & THICKENS, LLC**

J. Eric Cavanaugh

JEC/
Enclosure

ELECTRONICALLY FILED - 2025 Jan 16 4:04 PM - BEAUFORT - COMMON PLEAS - CASE#2025CP0700108

| | |
|---|---|
| **STATE OF SOUTH CAROLINA** | **IN THE COURT OF COMMON PLEAS** |
| **COUNTY OF BEAUFORT** | **THE FOURTEENTH JUDICIAL CIRCUIT** |
| **Krystal Brown,** | **Civil Action No.:** |
| **Plaintiff,** | |
| **v.** | **SUMMONS** |
| **Otis Elevator Company,** | **(Jury Trial Demanded)** |
| **Defendant.** | |

**YOU ARE HEREBY SUMMONED** and required to answer the Complaint in this action, a copy of which is hereby served upon you, and to serve a copy of your Answer to the said Complaint upon the subscribers at 1717 Marion Street, Street, Columbia, South Carolina 29201, within thirty (30) days after the service hereof, exclusive of the day of such service, and if you fail to answer the Complaint within the time aforesaid, Plaintiff will apply to the Court for the relief demanded in the Complaint and judgment by default will be rendered against you for the relief demanded in the Complaint.

Respectfully submitted,

*s/ J. Eric Cavanaugh*
J. Eric Cavanaugh, S.C. Bar No. 100044
Joseph O. Thickens, S.C. Bar No. 101398
Cavanaugh & Thickens, LLC
1717 Marion Street (29201)
Post Office Box 2409
Columbia, SC 29202
Tel: (803) 888-2200
Fax: (803) 888-2219
Eric@ctlawsc.com
Joe@ctlawsc.com

Columbia, South Carolina

January 16, 2025

ELECTRONICALLY FILED - 2025 Jan 16 4:04 PM - BEAUFORT - COMMON PLEAS - CASE#2025CP0700108

| | |
|---|---|
| **STATE OF SOUTH CAROLINA** | **IN THE COURT OF COMMON PLEAS** |
| **COUNTY OF BEAUFORT** | **THE FOURTEENTH JUDICIAL CIRCUIT** |
| **Krystal Brown,** | **Civil Action No.:** |
| **Plaintiff,** | |
| **v.** | **COMPLAINT** |
| **Otis Elevator Company,** | **(Jury Trial Demanded)** |
| **Defendant.** | |

Now comes the Plaintiff, who, complaining of the above-named Defendant, would allege and show this Honorable Court as follows:

## PARTIES AND JURISDICTION

1. Plaintiff Krystal Brown (hereinafter referred to as "Plaintiff") is a citizen and resident of Colleton County, South Carolina.

2. Upon information and belief, Defendant Otis Elevator Company ("Defendant") is a multinational corporation organized under the laws of the State of New Jersey with its principal place of business in Farmington, Connecticut. Defendant maintains an agent for the service of process in C T Corporation System, 2 Office Park Court, Suite 103, Columbia, South Carolina 29223.

3. Defendant is subject to the jurisdiction of this County by and through their commission of a tortious act within the territorial limits of the State of South Carolina pursuant to S.C. Code Ann. § 36-2-803(A)(3).

4. Venue is proper in this county pursuant to South Carolina Code § 15-7-30 as the most substantial part of the alleged acts or omissions giving rise to this cause of action occurred in Beaufort County, South Carolina.

ELECTRONICALLY FILED - 2025 Jan 16 4:04 PM - BEAUFORT - COMMON PLEAS - CASE#2025CP0700108

## FACTUAL ALLEGATIONS

5. Upon information and belief, and at all times material and relevant hereto, Defendant installed, serviced, repaired, inspected, monitored, and maintained the elevator and its surrounding equipment that will be described in detail below.

6. On or about May 23, 2024, Plaintiff was employed as a security sergeant at Beaufort Memorial Hospital ("the hospital") in Beaufort County, South Carolina.

7. On or about May 23, 2024, Plaintiff was entering an elevator as a passenger when she tripped on its unlevel and/or uneven threshold and was severely injured.

8. As a result of the Plaintiff's trip and fall, Plaintiff suffered the following injuries:

a. extensive pain, mental anguish, suffering and discomfort;

b. disability for a period of time, past and future;

c. money spent for medical care and treatment, past, present and future;

d. inability to carry on normal activities;

e. permanent injuries and partial disability;

f. emotional trauma and distress;

g. loss of enjoyment of life; and,

h. time and wages lost from her job.

9. As a result of her injuries, Plaintiff required medical treatment and has suffered pain, loss of enjoyment of life, and other damages including future impairment, and lost wages. Plaintiff will continue to incur the same.

10. Beaufort Memorial Hospital, where the injury occurred, is located at 955 Ribaut Road, Beaufort, South Carolina 29902.

ELECTRONICALLY FILED - 2025 Jan 16 4:04 PM - BEAUFORT - COMMON PLEAS - CASE#2025CP0700108

11. The subject elevator has a long history of problems, including but not limited to, several prior and subsequent incidents of mis-leveling, which has caused the elevator to be taken out of service.

12. Passenger safety and/or well-being is the primary consideration in any decision concerning any service, maintenance, or repairs of elevators.

13. Plaintiff does not have the duty and/or responsibility to service, maintain, and/or repair the above referenced elevator.

14. If there is more than one reasonable and practical manner in which to service, inspect, and/or repair an elevator, the one safest for potential elevator passengers should be utilized.

15. Upon information and belief, and at all times relevant and material hereto, the hospital elevator was serviced, repaired, inspected, and maintained by Defendant pursuant to an Elevator Maintenance Master Agreement, or other contract or agreement entered into by Defendant Otis Elevator Company and Beaufort Memorial Hospital.

16. Upon information and belief, Otis was responsible for inspecting, servicing, repairing, and maintaining the elevator, including through preventative maintenance, in order to keep the elevator in a safe working condition.

17. At all times relevant and material hereto, Defendant had the duty and/or responsibility to report, service, maintain, and/or repair the above-referenced elevator as needed or as required under the terms of any applicable contract.

18. Upon information and belief, and at all times relevant and material hereto, Defendant was responsible for using trained and qualified employees directly employed and supervised by Defendant to regularly and systematically examine, adjust, clean and lubricate the

ELECTRONICALLY FILED - 2025 Jan 16 4:04 PM - BEAUFORT - COMMON PLEAS - CASE#2025CP0700108

elevator and its surrounding and related equipment, and if conditions warrant, to repair or replace the same.

19. Defendant's careless, negligent, grossly negligent, willful, wanton, reckless, and unlawful acts were the direct and proximate cause of the incident and resulting injuries and damages to Plaintiff.

20. Defendant is liable for its acts or omissions which resulted in injuries and damages to Plaintiff.

21. Plaintiff is informed and believes she is entitled to judgment against Defendant for actual and punitive damages in an appropriate amount.

22. Plaintiff did not cause or contribute to the incident in any manner and had no ability to avoid or prevent the incident.

23. The area had no warnings posted warning the Plaintiff of the hazardous condition.

24. The Defendant knew or should have known that the unlevel and/or uneven elevator threshold created a hazardous condition for the Plaintiff and other business invitees.

for actual and punitive damages in an appropriate amount.

**FOR A FIRST CAUSE OF ACTION**
**(Negligence)**

25. The injuries and damages incurred by Plaintiff were directly and proximately caused by Defendant's careless, negligent, grossly negligent, willful, wanton, reckless, and unlawful acts in one or more of the following particulars:

a. in failing to properly inspect the elevator and its associated components;

b. in failing to properly maintain the elevator and its associated components;

c. in failing to properly test the elevator and its associated components;

d. in failing to properly equip the elevator with essential and necessary components;

ELECTRONICALLY FILED - 2025 Jan 16 4:04 PM - BEAUFORT - COMMON PLEAS - CASE#2025CP0700108

e. in failing to recognize and correct safety deficiencies in the elevator and its associated components;

f. in failing to warn of the dangers and hazards associated with the unlevel and/or uneven threshold of the elevator;

g. in failing to recommend essential inspection, maintenance and testing procedures to minimize the risk of the elevator becoming unsafe;

h. in violating applicable statutes and regulations relating to elevator safety;

i. in failing to properly repair or perform maintenance on the elevator in question; when it was serviced prior to the events alleged in this Complaint;

j. in failing to comply with S.C. Department of Labor, Licensing, and Regulations standards;

k. in failing to comply with applicable elevator regulations;

l. in the hiring and retention of its elevator technicians/repairmen;

m. in the training and supervision of its elevator technicians/repairmen;

n. in failing to timely remedy, fix, and appreciate specific elevator regulation violations; and,

o. in such other and further particulars as the evidence at trial might show.

26. Defendant's careless, negligent, grossly negligent, willful, wanton, reckless and unlawful acts were the direct and proximate cause of Plaintiff's trip and fall, and the injuries and damages suffered by Plaintiff.

27. Plaintiff is informed and believes she is entitled to judgment against Defendant for actual, nominal, special, consequential, and punitive damages in an appropriate amount.

ELECTRONICALLY FILED - 2025 Jan 16 4:04 PM - BEAUFORT - COMMON PLEAS - CASE#2025CP0700108

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant, in a sum sufficient to adequately compensate her for all actual damages, nominal damages, special damages, consequential damages, and punitive damages, present and prospective, for the costs of this action, and for such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demand a trial by jury on all claims so triable.

Respectfully submitted,

*s/J. Eric Cavanaugh*

J. Eric Cavanaugh, S.C. Bar No. 100044
Joseph O. Thickens, S.C. Bar No. 101398
Cavanaugh & Thickens, LLC
1717 Marion Street (29201)
Post Office Box 2409
Columbia, SC 29202
Tel: (803) 888-2200
Fax: (803) 888-2219
Eric@ctlawsc.com
Joe@ctlawsc.com

**ATTORNEYS FOR PLAINTIFF**

Columbia, South Carolina

January 16, 2025